IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| PATRICK LOUIS HENDERSON and CHRISTINE DIANE HENDERSON, | Case No. 6:19-cv-00724-MK<br>**ORDER** |
| Plaintiffs, | |
| v. | |
| OREGON DEPARTMENT OF HUMAN SERVICES, | |
| Defendant. | |

AIKEN, District Judge:

Magistrate Judge Mustafa Kasubhai has filed his Findings and Recommendation ("F&R") (doc. 4) recommending that this Court find Plaintiffs' Application to Proceed *in Forma Pauperis* ("IFP") moot and dismiss Plaintiffs' Complaint (doc. 1) with leave to file an amended complaint. This case is now before me. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

When either party objects to any portion of a magistrate judge's F&R, the district court must make a *de novo* determination of that portion of the magistrate

judge's report. *See* 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines, Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert denied*, 455 U.S. 920 (1982). The Court notes that Plaintiffs have not technically filed formal objections to Judge Kasubhai's F&R, but filed what they have styled as a "pre hearing communication" (doc. 7). The Court construes this as an objection, and thus conducts a *de novo* review of the F&R.

Having reviewed the F&R and the filings in this case, the Court finds no error in Judge Kasubhai's order but will hold Plaintiffs' IFP application in abeyance. This will give Plaintiffs an opportunity to file an amended complaint without the need to refile their IFP application.

Although Plaintiffs have subsequently submitted numerous documents which they contend support the allegations in their Complaint, this alone does not remedy the insufficiency of the claims in the Complaint itself. Plaintiffs are proceeding *pro se*, and Courts will be generous in construing their pleadings. However, Plaintiffs are reminded that the Federal Rules require a short and plain statement showing that they are entitled to relief. Fed. R. Civ. P. 8(a)(2). When preparing their amended complaint Plaintiffs should address the issues raised in Judge Kasubhai's F&R, using facts from the support documentation contained in their "pre hearing communication." Facts should be alleged to support each specific cause of action, and Plaintiffs should clearly state what relief they are seeking pursuant to those causes of action.

Finally, Plaintiffs mention that they have contacted the Oregon Bar Association for help with legal representation. While there is no constitutional right to representation in civil litigation, Plaintiffs are advised that the District of Oregon has a *pro bono* representation program, where *pro se* litigants may file a motion for the Court to appoint *pro bono* counsel in civil cases. The Court cannot, however, guarantee that an attorney in the *pro bono* program will accept the appointment. Plaintiffs may contact the Office of the Clerk of Court or visit the District's public website to obtain more information on how to submit a Motion for Appointment of *Pro Bono* Counsel.

The Court thus ADOPTS Judge Kasubhai's F&R (doc. 4) IN PART. Plaintiffs' Complaint (doc. 1) is DISMISSED without prejudice. Plaintiffs are granted 30 days from the date of this order to file an Amended Complaint curing the deficiencies outlined in the F&R. The Court withholds entering a final order regarding Plaintiffs' IFP application until such time as Plaintiffs file an amended complaint.

It is so ORDERED and DATED this 2nd July, 2019.

_____
Ann Aiken
United States District Judge