IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| PATRICK LOUIS HENDERSON, CHRISTINE DIANE HENDERSON, ANGELA M. PEYTON, JASON A. HENDERSON,<br><br>        Plaintiffs,<br><br>  vs.<br><br>OREGON DEPARTMENT OF HUMAN SERVICES, et al.,<br><br>        Defendants. | Case No. 6:19-cv-00724-MK<br>**OPINION AND ORDER** |

AIKEN, District Judge:

        Magistrate Judge Mustafa T. Kasubhai issued a Findings & Recommendation (F&R) (doc. 28) on January 23, 2020, recommending that plaintiff Christine Henderson's Application to Proceed IFP (doc. 25), Motion to Reassign the Case (doc. 19), Motion for Appointment of Counsel (doc. 26), and Request to Expedite Courtroom Proceedings (doc. 23) be denied and that the Second Amended Complaint (doc. 24) be dismissed. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

1 – OPINION AND ORDER

## LEGAL STANDARDS

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's F&R to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the Court must review a magistrate judge's findings and recommendations *de novo* if objection is made, "but not otherwise"). Although in the absence of objection no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a de novo or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

## BACKGROUND

In May 2019, Plaintiff Christine Henderson initiated this action against defendant Oregon Department of Humans Services on her own behalf and on behalf of Patrick Henderson. With the Complaint (doc. 1), Ms. Henderson also filed an

Application to Proceed *in forma pauperis* ("IFP") (doc. 2).  In July 2019, the Court dismissed the Complaint with leave to amend and held Ms. Henderson's IFP application in abeyance pending filing of an amended complaint.  Doc. 10.

Ms. Henderson filed a timely Amended Complaint (doc. 9), asserting claims against Full Access Brokerage, Oregon Developmental Disabilities Service, and Oregon Heath Authority, once again on her own behalf and on behalf of Patrick Henderson.  Ms. Henderson also filed a Motion for Appointment of Pro Bono Counsel (doc. 12).  In December 2019, the Court dismissed the Amended Complaint with leave to amend, denied the motion for appointment of counsel, and continued to defer ruling on Ms. Henderson's IFP petition.  Doc. 22.

Ms. Henderson then filed a "Motion for a New Magistrate" (doc. 19), a Request to Expedite Courtroom Proceedings (doc. 23), a timely Second Amended Complaint (doc. 24), a second IFP Application (doc. 25), and a second Motion for Appointment of Counsel (doc. 26).

In the Second Amended Complaint, Ms. Henderson asserted claims on her own behalf and Patrick Henderson, Angela Peyton, and Jason Henderson.  Ms. Peyton and Jason Henderson are Ms. Henderson and Patrick Henderson's siblings.  The Second Amended Complaint alleges that Ms. Peyton is Patrick Henderson's ISP Representative and that Jason Henderson is Patrick Henderson's Personal Support Worker.  The Second Amended Complaint also added a fourth defendant:  Lane County Developmental Services.

In January 2020, Judge Kasubhai issued an F&R addressing the outstanding motions and screening the Second Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Judge Kasubhai construed Ms. Henderson's Motion for a New Magistrate as either a motion to reassign the case under 28 U.S.C. § 144 or a motion to disqualify Judge Kasubhai under 28 U.S.C. § 455. Judge Kasubhai concluded that, under either provision, the motion does not require referral of another judge and denied the motion on its merits. F&R at 7. Next, Judge Kasubhai addressed the Second Amended Complaint and concluded that it failed to state a claim. *Id.* at 8-9. Because all three Complaints had alleged substantially similar claims for violations of the Americans with Disabilities Act ("ADA"), Judge Kasubhai recommended that the ADA claim be dismissed with prejudice and all other claims, including a Title II retaliation claim, FDCPA claim, and state law claims be dismissed with leave to amend. *Id.* at 9. Finally, Judge Kasubhai recommended that the second IFP application (doc. 25) and Request to Expedite Courtroom Proceedings (doc. 23) be denied as moot and that the Motion for Counsel (doc. 26) be denied.

Ms. Henderson filed timely Objections to the F&R (doc. 30) and a Second Motion to Expedite or Accelerate (doc. 31).

## DISCUSSION

Having the reviewed the F&R, Ms. Henderson's objections, and the record in this case, I agree that the motion to reassign does not require referral to another judge. I also agree with Judge Kasubhai that the Second Amended Complaint fails to state a claim under the Americans with Disabilities Act or Fair Debt Collection

4 – OPINION AND ORDER

Practices Act and fails to allege facts demonstrating Ms. Peyton and Jason Henderson's standing to sue. I have also identified the following issues with the Second Amended Complaint, some of which cannot be remedied by amendment and require the Court to dismiss additional claims with prejudice and others without leave to amend. Therefore, I ADOPT Judge Kasubhai's F&R with the following modifications.

### I. *Second Amended Complaint*

Because Ms. Henderson shall have leave to amend her complaint, the Court will provide notice of additional deficiencies in the Second Amended Complaint that she should keep in mind when preparing a Third Amended Complaint. First, because Ms. Henderson is proceeding *pro se* she cannot bring claims on her siblings' behalf. Second, the FDCPA claim is barred by sovereign immunity for all defendants except for Lane County Developmental Services. Third, because the Second Amended Complaint fails to state a claim under federal law, the Court lacks subject matter jurisdiction over this case.

### A. *Patrick Henderson, Angela Peyton, and Jason Henderson*

Ms. Henderson is not a licensed attorney and is appearing *pro se*. As previously noted, Ms. Henderson brings claims on her own behalf and on behalf of Patrick Henderson, Angela Peyton, and Jason Henderson.

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. However, "a

non-lawyer has no authority to appear as an attorney for others than himself." *Johns v. Cty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (internal quotation marks and citations omitted); *Walsh v. Enge*, 154 F. Supp.3d 1113, 1124 n.6 (D. Or. 2015). "It is well established that the privilege to represent oneself *pro se* by § 1654 is personal to the litigant and does not extend to other parties or entities." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008). Similarly, the representative of a class cannot appear *pro se*. *See Dean v. Jones*, No. CV 09-1102-AC, 2010 WL 1873089, at *3 (D. Or. Mar. 2, 2010) ("A [*pro se*] litigant cannot fairly and adequately protect the interests of the class.") (internal quotation marks and citation omitted).

This prohibition extends even to parents or guardians who seek to bring an action on behalf of a minor child without retaining a lawyer. *Johns*, 114 F.3d at 877. In such circumstances, the correct course of action is to dismiss without prejudice in order to allow the dismissed parties to seek counsel and, if necessary, refile the action. *Id.* Accordingly, all claims brought by Ms. Henderson on behalf of Patrick Henderson, Angela Peyton, and Jason Henderson are dismissed with leave to refile if and when those parties either appear on their own behalf or retain the assistance of competent counsel.

  **B.** ***State Sovereign Immunity***

The first three defendants are all components of the Oregon Department of Human Services, which is a state agency. The Eleventh Amendment provides that a state is immune from suit in federal court unless Congress has abrogated the state's immunity by appropriate federal legislation or the state itself has waived it. *Va.*

*Officer for Prot. & Advocacy v. Stewart*, 536 U.S. 247, 253–54 (2011). This grant of immunity covers not just the state itself, but also the state's agencies. *P.R. Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).

Congress has not abrogated state sovereign immunity in the FDCPA. *See Banks v. ASC Educ.*, 638 Fed. App'x 587, 589 (9th Cir. 2016) (observing that 15 U.S.C. § 1692a(6)(C) "exclud[es] states from the definition of 'debt collector'"). Because the Oregon Department of Human Services has not waived its sovereign immunity from suit in federal court, the FDCPA claim must be dismissed with prejudice with respect to these state defendants.

By contrast, Congress did abrogate state sovereign immunity for claims under Title II of the ADA. *United States v. Georgia*, 546 U.S. 151, 159 (2006). Therefore, Ms. Henderson shall have leave to file amended Title II retaliation claims against all defendants.

    **C.**    ***Subject Matter Jurisdiction***

As noted, Judge Kasubhai correctly concluded that the Second Amended Complaint failed to state a federal claim and, therefore, did not address any state law claims. As explained below, without an adequate federal claim, the Court does not have the power to hear this case.

Federal courts are courts of limited jurisdiction, "possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quotation marks and citation omitted). Federal subject matter jurisdiction may be

based on the presence of a federal question or on diversity of citizenship. 28 U.S.C. §§ 1331, 1332.

To invoke federal question jurisdiction under § 1331, a plaintiff must allege that the defendant has violated a federal law or the Constitution. Because the Second Amended Complaint fails to state a federal claim, the Court's power to hear the claims cannot be based on a federal question.

If a Court has diversity jurisdiction, then it may hear a case involving only state law claims. But to invoke diversity jurisdiction under § 1332, a plaintiff must allege that he or she is a citizen of one state, that defendants are citizens of other states, and that the damages are more than $75,000. Here, all parties are citizens of Oregon. Therefore, the Court's power to hear the claims cannot be based on diversity and the Court cannot consider state law claims without an adequate federal claim.

### D.   *Summary*

As mentioned, I agree that the Second Amended Complaint should be dismissed with leave to amend. In crafting a Third Amended Complaint, Ms. Henderson should keep in mind that her leave to amend is limited in scope:

First, if Ms. Henderson remains *pro se*, she cannot name Patrick Henderson, Angela Peyton, Jason Henderson, or any other person as plaintiffs. Ms. Henderson may only allege her own claims. Second, Ms. Henderson may assert an amended claim for Title II retaliation under the ADA, but cannot amend her other ADA claims because they have been dismissed with prejudice. Third, Ms. Henderson may assert an amended FDCPA claim against Lane County Disability Services, but not the other

defendants because they have sovereign immunity. Finally, because Ms. Henderson and defendants are all citizens of Oregon, the Third Amended Complaint must state a claim under federal law. If it does not, then the Court will not have jurisdiction to hear the case, even if the complaint also asserts claims under state law.

Ms. Henderson may also find it helpful to review the Court's "Handbook for Self-Represented Parties," which is available on the District of Oregon's website at: https://www.ord.uscourts.gov/index.php/2015-02-10-16-10-22/information-about-representing-yourself. Chapter 4 of the Handbook provides guidance for drafting a complaint, and Chapter 6 explains the difference and relationship between Magistrate Judges and District Judges at the District of Oregon.

## II. *Pending Motions*

Judge Kasubhai recommended that the IFP Petition (doc. 2) be held in abeyance and that the Second IFP Petition (doc. 25) and Request to Expedite Courtroom Proceedings (doc. 23) be denied as moot. I ADOPT those recommendations.

Also pending before the Court are plaintiff's Motion for Appointment Counsel (doc. 26) and Second Request to Expedite or Accelerate (doc. 31).

Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land,* 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(e), this Court has discretion to request volunteer counsel for indigent parties in exceptional circumstances. *Wood v. Housewright* 900 F.2d 1332, 1335 (9th Cir. 1990); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986). To

determine whether exceptional circumstances exist, this Court evaluates the party's likelihood of success on the merits and her ability to articulate her claims *pro se* in light of the complexity of the legal issues involved. *Wood,* 900 F.3d at 1335-36; *Wilborn,* 789 F.2d at 1331. At this stage, I cannot find that exceptional circumstances exist to warrant appointment of counsel as plaintiff has little likelihood of success on the merits. Accordingly, the Motion for Appointment of Counsel (doc. 26) is DENIED.

Finally, because the operative complaint has been dismissed, plaintiff's Second Motion to Expedite (doc. 31), which was filed after Judge Kasubhai issued his F&R (doc. 28), is also DENIED.

## CONCLUSION

For the reasons above, I ADOPT the F&R (doc. 28) with the noted modifications. The Second Amended Complaint (doc. 24) is DISMISSED with leave to amend. The IFP Petition (doc. 2) is held in abeyance pending submission of a Third Amended Complaint. The Motion to Reassign (doc. 19), Request to Expedite (doc. 23), Second IFP Petition (doc. 25), Motion for Appointment of Counsel (doc. 26), and Second Motion to Expedite (doc. 31) are DENIED.

Plaintiff shall have thirty (30) days in which to file an amended complaint. Plaintiff is advised that failure to file an amended complaint within the allotted time will result in the entry of a judgment of dismissal.

It is so ORDERED and DATED this __15th__ day of April 2020.

/s/Ann Aiken

Ann Aiken
United States District Judge