UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| PATRICK LOUIS HENDERSON, CHRISTINE DIANE HENDERSON, ANGELA M. PEYTON, JASON A. HENDERSON,<br><br>Plaintiffs,<br><br>v.<br><br>OREGON DEPARTMENT OF HUMAN SERVICES, DEPARTMENT OF HUMAN RESOURCES,<br><br>Defendants. | Case No.: 3:19-cv-00724-MK<br><br>OPINION AND ORDER |

**KASUBHAI, Magistrate Judge:**

The Court previously dismissed Plaintiffs' Second Amended Complaint (ECF No. 24) with leave to amend and held Plaintiffs' Application for Leave to Proceed *in Forma Pauperis* ("IFP") (ECF No. 2) in abeyance pending submission of a Third Amended Complaint. Order, ECF No. 32. The Court provided these instructions in its Order:

> In crafting a Third Amended Complaint, Ms. Henderson should keep in mind that her leave to amend is limited in scope:
>
> First, if Ms. Henderson remains *pro se*, she cannot name Patrick Henderson, Angela Peyton, Jason Henderson, or any other person as plaintiffs. Ms. Henderson may only allege her own claims. Second, Ms. Henderson may assert

1 – OPINION AND ORDER

an amended claim for Title II retaliation under the ADA, but cannot amend her other ADA claims because they have been dismissed with prejudice. Third, Ms. Henderson may assert an amended FDCPA [Fair Debt Collection Practices Act] claim against Lane County Disability Services, but not the other defendants because they have sovereign immunity. Finally, because Ms. Henderson and defendants are all citizens of Oregon, the Third Amended Complaint must state a claim under federal law. If it does not, then the Court will not have jurisdiction to hear the case, even if the complaint also asserts claims under state law.

Order 8-9, ECF No. 32.

Plaintiffs filed the Third Amended Complaint. ECF No. 35. For the reasons stated below, the Court finds that Ms. Henderson has stated a plausible retaliation claim. The Court directs the Clerk of the Court to issue process.

## BACKGROUND

Plaintiff Ms. Henderson filed the Third Amended Complaint *pro se* and on behalf of Patrick Henderson, Angela Peyton, Jason Henderson. Third Am. Compl., ECF No. 35. The Third Amended Complaint alleges five retaliation claims[1]:

> 1) WHISTLEBLOWING ON FEDERAL COURTS ACTIONS THAT ARE CORUPT AND IMPEEDING CIVIL RIGHTS TO A SPEEDY REMIDY FOR COMPLAINTS BROUGHT FORTH
>
> 2) WHISTLEBLOWING ON GOVERNMENT INSTITUTIONS WHO BREAK THE AMERICAN'S WITH DISABILITY ACT (ADA) AND DISCRIMINATING AGAINST THE CLIENTS THEY SERVE.
>
> 3) WHISTLEBLOWING ON GOVERNMENT INSTITUTION THAT HAVE COMMITED MULTIPLE CRIMINAL ACTS BREAKING FAIR LABOR STANDARD ACT (FLSA)
>
> 4) WHITLEBLOWING ON A GOVERNMENT INSTITUTIONS THAT ARE EMBEZZLING MEDICAID AND MEDICARE DOLLARS CLAIMING THEY ARE PROVIDING PROGRAMS TO CLIENTS THAT DO NOT EXIST/ OR THAT ARE NOT WORKING AS THEY CLAIM TO GET THE MEDICAID AND MEDICARE DOLLARS TO KEEP THE PROGRAMS GOING EVERY YEAR.

---

[1] The Court quotes the Third Amended Complaint verbatim.

2 – OPINION AND ORDER

those parties either appear on their own behalf or retain the assistance of competent counsel."
Order 6, ECF No. 32. Because court records show that Patrick Henderson, Angela Peyton, and
Jason Henderson remain unrepresented, the Court only addresses claims brought by Ms.
Henderson on her own behalf.

The Court's Order allowed Ms. Henderson leave to amend her Title II retaliation claim
under the ADA. Order 8, ECF No. 32. While the Court also allowed Ms. Henderson leave to
amend her FDCPA claim against Lane County Disability Services, Ms. Henderson does not
allege an FDCPA claim in the Third Amended Complaint. *See* Third Am. Compl., ECF No. 35.
Ms. Henderson only alleges whistleblower retaliation. *Id.* at 4-5.

Retaliation claims under the ADA follow the same legal framework of Title VII
retaliation claims set forth in *McDonnell Douglas*. *Lee v. Natomas Unified Sch. Dist.*, 93 F.
Supp. 3d 1160, 1167 (E.D. Cal. 2015) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792,
802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)); *see also*, *Brooks v. Capistrano Unified Sch. Dist.*, 1
F.Supp.3d 1029, 1036-37 (C.D. Cal. 2014). Under the *McDonnell Douglas* framework, the
plaintiff first must establish a *prima facie* case of retaliation, and a burden-shifting analysis then
follows to assess the viability of the retaliation claim. *Id.* However, at the motion to dismiss
stage, the Ninth Circuit has held that Federal Rule of Civil Procedure 8(a), not *McDonnel
Douglas*, applies. *Austin v. University of Oregon*, 925 F.3d 1133, 1135 (9th Cir. 2019); *see also*,
*Watson v. Fort Worth Bank & Tr.*, 487 U.S. 977, 986, 108 S. Ct. 2777, 2784, 101 L. Ed. 2d 827
(1988) ("shifting burdens are meant only to aid courts and litigants in arranging the presentation
of evidence"). Therefore, the Court reviews Ms. Henderson's retaliation claims in the context of
her IFP application based on the Rule 8(a) pleading standard.

4 – OPINION AND ORDER

Under Rule 8(a), a plaintiff need only provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To establish a *prima facie* claim of retaliation, the plaintiff must show that (1) she engaged in a protected activity; (2) defendants knew she was involved in a protected activity; (3) an adverse action was taken against her; and (4) a causal connection exists between the protected activity and the adverse action. *Pardi v. Kaiser Foundation Hosp.*, 389 F.3d 840, 849 (9th Cir. 2004).

Ms. Henderson alleges five retaliation claims. Her first retaliation claim is against the federal courts and the remaining four retaliation claims are against the "government." Third Am. Comp. 4-5, ECF No. 35. Ms. Henderson alleges that she made repeated complaints about DHS case managers, including illegal and unconstitutional use of the diagnostic tool "PASRR," fraudulent overcharge, conspiracy to murder Ms. Henderson's father, embezzling of Medicare and Medicaid money, failure to carry out DHS's duty to its clients. *Id.* at 7-13. Ms. Henderson further alleges as a result of her complaints, Department of Human Services ("DHS") removed Mr. Henderson's medical support and withheld care workers' wages, Lane County Protective Service Investigator and "the house manager" made false accusations about Ms. Henderson, DHS denied Ms. Henderson's request to bring Mr. Henderson home, denied Ms. Henderson's guardianship of Mr. Henderson, and DHS staff ordered Mr. Henderson's Medicaid and Medicare insurance to be cut off to the nursing home in order to send him to a group home. *Id.* at 9, 16, 18-19, 22-26.

Accepting Ms. Henderson's factual allegations as true, the Court finds that she has stated a facially plausible retaliation claim against the government. *See Twombly*, 550 U.S. at 556.

5 – OPINION AND ORDER

However, as to Ms. Henderson's first retaliation claim which alleges that the federal courts "are corupt [sic] and impeeding [sic] civil rights to a speedy remidy [sic]" for her complaint, it fails for the following reasons. Third Am. Compl., 5-6, ECF No. 35.

If Ms. Henderson intends to name federal courts as defendants, the claim fails because of sovereign immunity. The federal judiciary of the United States is one of the three branches of the federal government of the United States. U.S. Const. art. III, § 1. Under the doctrine of sovereign immunity, the United States, its officers, and its agencies are immune from all suits, unless Congress has waived that immunity by statute. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Waiver of sovereign immunity cannot be implied and must be unequivocally expressed. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Ms. Henderson has not cited to, and the Court is not aware of, any authority that the United States has unequivocally waived sovereign immunity.

If Ms. Henderson intends to name the federal judges as defendants, the claim fails on the grounds of judicial immunity. Judicial immunity is an absolute immunity that insulates judges from charges of erroneous acts or irregular action, even when it is alleged that the action was driven by malicious or corrupt motives, or when the exercise of judicial authority is flawed by the commission of grave procedural errors. *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002), *as amended* (Sept. 6, 2002) (citations and quotation marks omitted). Judicial immunity discourages collateral attacks on final judgments through civil suits, and thus promotes the use of "appellate procedures as the standard system for correcting judicial error." *Id.* (citation omitted). "Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review." *Id.* (citation omitted).

For these reasons, this Court dismisses Ms. Henderson's retaliation claim against the federal courts and federal judges with prejudice because it would be futile to amend.

## CONCLUSION

Ms. Henderson's second, third, fourth and fifth claims have alleged the minimum necessary for a retaliation claim. The Clerk of the Court is directed to issue process. Ms. Henderson's Motion to Expedite (ECF No. 47) is denied as moot.

DATED this 29th day of July 2020.

s/Mustafa T. Kasubhai<br>
MUSTAFA T. KASUBHAI<br>
United States Magistrate Judge