IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

PATRICK LOUIS HENDERSON; CHRISTINE DIANE HENDERSON; ANGELA M. PEYTON; JASON A. HENDERSON,

Plaintiffs,

vs.

OREGON DEPARTMENT OF HUMAN SERVICES; DEPARTMENT OF HUMAN RESOURCES,

Defendants.

Case No. 6:19-cv-00724-MK

**OPINION AND ORDER**

AIKEN, District Judge:

Before the Court is pro se plaintiff Christine Henderson's "Objections/Discussion" (doc. 41), which challenges Magistrate Judge Mustafa T. Kasubhai's Opinion and Order (doc. 38), which screened her Third Amended Complaint (doc. 35) pursuant to 28 U.S.C. § 1915(e)(2)(B), concluded that Ms. Henderson's second, third, fourth, and fifth claims stated a plausible claim for relief,

and directed the Clerk of Court to issue process. For the following reasons, I construe plaintiff's filing as objections to a magistrate's decision on a dispositive matter pursuant to 28 U.S.C. § 363(b)(1)(B), (C) and Federal Rule of Civil Procedure 72(b).

A district judge may refer pretrial issues to a magistrate judge under 28 U.S.C. § 636(b)(1) and may review the magistrate judge's decisions. How review happens depends on the type of decision under review. For dispositive matters, the district judge's review is automatic. The magistrate judge issues a written recommendation (called "Findings and Recommendations" or "F&R") for the district judge to review. The district judge makes a final determination about whether to grant the motion. Before the district judge rules, the parties have a chance to explain their disagreement with the magistrate judge in the form of a written objection. For any issue on which a party files a timely objection, the district judge's review is *de novo*—that is, the judge makes her own decision without giving any deference to the magistrate judge's reasoning. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). A party must file objections "[w]ithin fourteen days after being served with a copy" of the F&R. 28 U.S.C. § 636(b)(1).

But for nondispositive matters, the magistrate judge issues an order, and review is not automatic. However, a party may ask the district judge to reconsider the magistrate judge's order. In such cases, review is only to determine whether the magistrate judge's order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *United States v. Raddatz*, 447 U.S. 667, 673 (1980).

Dispositive matters include those expressly listed in § 636(b)(1)(A), as well as "analogous" matters. *Mitchell v. Valenzuela*, 791 F.3d 1166, 1168 (9th Cir. 2015). "To determine whether a motion is dispositive," the Ninth Circuit has "adopted a functional approach that looks to the effect of the motion, in order to determine whether it is properly characterized as dispositive or nondispositive of a claim or defense of a party." *Id*. at 1168–69.

Judge Kasubhai's July 29, 2020, decision dismissed Ms. Henderson's first claim with prejudice. Thus, although the decision allowed Ms. Henderson's case to continue, it was dispositive of one of her claims for relief. Accordingly, I will treat the decision as one subject to automatic review under § 636(b)(1). Ms. Henderson's objections were filed more than fourteen days later, on August 17, 2020, but she states that she did not receive a copy of the decision until August 12, 2020, so I will consider her objections as timely.

I have the reviewed the portions of Judge Kasubhai's opinion to which Ms. Henderson objects *de novo* and all other aspects of the opinion for clear error, find no reason to reject or modify Judge Kasubhai's decision, and ADOPT the Opinion (doc. 38) as my own.

It is so ORDERED and DATED this 21st day of January 2021.

/s/Ann Aiken

Ann Aiken
United States District Judge