IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**PATRICK LOUIS HENDERSON; and
CHRISTINE DIANE HENDERSON,**

                Plaintiffs,

v.

**OREGON DEPARTMENT OF HUMAN
SERVICES FULL ACCESS BROKERAGE,**

                Defendant.

Civ. No. 6:19-cv-00724-MK

**OPINION AND ORDER**

**KASUBHAI, Magistrate Judge:**

      Plaintiffs Patrick Henderson and Christine Henderson (collectively, "Plaintiffs") brought this action against erroneously-named Defendant Department of Human Services Full Access Brokerage, alleging various claims arising out injuries sustained by Patrick Henderson. Defendant Full Access Brokerage ("Defendant"), a private nonprofit entity, filed a motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e). For the reasons stated, Defendant's motion is granted.

## BACKGROUND

      Plaintiffs filed this pro se action against Defendant demanding both monetary and injunctive relief. Plaintiffs' first and second amended complaints were dismissed on the Court's

Page 1 – OPINION AND ORDER

motion and Plaintiffs filed a Third Amended Complaint (TAC). (ECF 49). Defendant moves for a more definite statement of the TAC, arguing that its vague and ambiguous allegations prevent Defendant from reasonably preparing a response. Plaintiffs did not file a response.

## DISCUSSION

Motions under Rule 12(e) "are generally disfavored, are left to the court's discretion, and are rarely granted." Adidas Am., Inc. v. Forever 21, Inc., No. 3:17-cv-00377-YY, at *1 (D. Or. Aug. 9, 2017). Here, however, Plaintiffs' TAC mentions Defendant only briefly, and the alleged wrongs in the TAC are attributed to the Department of Human Services. The TAC does not appear to state any cause of action against Defendant, and Defendant therefore cannot reasonably ascertain what claim or claims are being asserted against it. On this record, the current pleadings do not afford Defendant a reasonable opportunity to respond to or defend against the claims asserted by Plaintiffs. Plaintiffs are therefore be ordered to amend the TAC such that it sets out specific claims as to Defendant Full Access Brokerage.

## CONCLUSION

For the reasons stated above, Defendant's Motion for a More Definite Statement (ECF 69) is GRANTED. Plaintiffs' Third Amended Complaint (ECF 49) is dismissed without prejudice and with leave to file a fourth amended complaint within 30 days of this Order.

IT IS SO ORDERED.

DATED this 10th day of August 2021.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge